IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MICHAEL S. ROBINSON,

        CASE NO. 2:17-cv-00126
Petitioner,       CHIEF JUDGE EDMUND A. SARGUS, JR.
        MAGISTRATE JUDGE KEMP

v.

JAMES HAVILAND, WARDEN,

Respondent.

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, filed this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on its own motion to consider the sufficiency of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit as a successive petition.

Petitioner challenges his September 1992 convictions in the Franklin County Court of Common Pleas on two counts of aggravated murder with firearm specifications. He is presently serving a term of 63 years to life incarceration. The Ohio Tenth District Court of Appeals summarized the facts and procedural history of the case as follows:

> In July 1991, Robinson was charged with two counts of aggravated murder in violation of R.C. 2903.01. Each count carried a death penalty and firearm specification. A jury found Robinson guilty. The trial court sentenced Robinson to consecutive life sentences without parole for 30 years on each count, plus an additional 3 years for the use of a firearm. Robinson appealed, and this court affirmed. *State v. Robinson*, 10th Dist. No. 92AP–1739 (May 13, 1993). The Supreme Court of Ohio declined jurisdiction. *See State v. Robinson*, 67 Ohio St.3d 1470 (1993); *State v. Robinson*, 85 Ohio St.3d 1486 (1999).

> In March 2006, Robinson filed a petition for postconviction relief arguing that the trial court violated *State v. Foster*, 109 Ohio St.3d 1, 2006–Ohio–856, when it imposed consecutive sentences. The trial court denied Robinson's petition, and this court affirmed. *State v. Robinson,* 10th Dist. No. 06AP–368, 2006–Ohio–6649. In July 2007, Robinson filed a second postconviction petition wherein he requested a "minimum sentence."
>
> The trial court denied Robinson's second postconviction petition. Robinson appealed, but this court dismissed the appeal because he did not file a brief.
>
> In June 2015, Robinson filed a "motion to modify or reduce sentence," wherein he again challenged the trial court's imposition of consecutive sentences. The trial court denied this motion, finding it barred by *res judicata.*

*State v. Robinson,* No. 2:15AP-798, 2016 WL 934427, at *1 (Franklin Co. App. March 10, 2016). In that decision, the appellate court affirmed the judgment of the trial court. *Id*. On June 29, 2016, the Ohio Supreme Court denied Petitioner's motion for a delayed appeal. *State v. Robinson,* 146 Ohio St.3d 1427 (2016). Nothing about these proceedings resulted in a new judgment. *Cf. King v. Morgan*, 807 F.3d 154 (6th Cir. 2015).

On February 6, 2017, Petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He asserts that he was denied due process and equal protection of law (claim one); and that he was denied the effective assistance of trial and appellate counsel (claim two). However, this is not Petitioner's first federal habeas corpus petition challenging these same convictions. On August 5, 1999, he filed a § 2254 action in this Court. On August 14, 2000, the Court dismissed that action as barred by the one-year statute of limitations. *See Robinson v. Moore*, No. 2:99-cv-00727 (S.D. Ohio Aug. 14, 2000). The United States Court of Appeals for the Sixth Circuit affirmed the judgment of this Court. *Robinson v. Moore*, 20 Fed.Appx. 358 (6th Cir. Sept. 19, 2001). On April 28, 2004, the United States Court of Appeals

2

for the Sixth Circuit denied Petitioner's motion for an order authorizing the filing of a second habeas corpus petition. *See In re Robinson*, No. 03-4399.

"When a prior petition is dismissed on the basis of the statute of limitations, it is a decision on the merits, rendering a subsequent application second or successive." *Sherman v. Sims*, 2014 WL 6850769, at *3 (E.D. Ky. Dec. 3, 2014)(citing *Warren v. Burt*, WL 3014161, at *2 (W.D. Mich. June 17, 2013)). That is the case here.

28 U.S.C. § 2255(h) states that "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain-

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Under 28 U.S.C. § 2244(b)(3)(A), before a second or successive petition for a writ of habeas corpus can be filed in the district court, the applicant must move in the appropriate circuit court of appeals for an order authorizing the district court to consider the application. Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a district court does not have jurisdiction to entertain a successive postconviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such successive motion or petition. *Nelson v. United States*, 115 F.3d 136 (2nd Cir. 1997); *Hill v. Hopper,* 112 F.3d 1088 (11th Cir. 1997). Unless the court of appeals has given approval for the filing of a second or successive petition, a district court in the Sixth Circuit must transfer the petition to the Sixth Circuit Court of Appeals. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). Under § 2244(b)(3) (A), only a circuit court of appeals has the power to authorize the filing of a successive petition

3

for writ of habeas corpus. *Nunez v. United States*, 96 F.3d 990 (7th Cir.1996). That being the case, this Court is without jurisdiction to entertain a second or successive § 2255 petition unless authorized by the Court of Appeals for the Sixth Circuit.

The Court of Appeals described the proper procedure for addressing a second or successive petition filed in the district court without § 2244(b)(3)(A) authorization in *In re Sims*.

> [W]hen a prisoner has sought § 2244(b)(3)(A) permission from the district court, or when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C § 1631.

*Id*. at 47; *see also Liriano v. United States*, 95 F.3d 119, 123 (2d Cir. 1996).

Therefore, the Magistrate Judge **RECOMMENDS** that this action be **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit for authorization for filing as successive.

## Procedure on Objections

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendati*on will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

/s/ Terence P. Kemp
United States Magistrate Judge